**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN THOMAS ENTLER,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>ANNIE WILLIAMS, Corrections Program Manager,<br><br>              Defendant - Appellee. | No. 11-35599<br><br>D.C. No. 2:10-cv-01827-MJP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted November 13, 2012[**]

Before:      CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Washington state prisoner John Thomas Entler appeals pro se from the

district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action

alleging retaliation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo a dismissal for failure to exhaust and for clear error any underlying factual findings. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). We affirm.

The district court properly dismissed Entler's action because Entler failed to pursue or exhaust his administrative remedies against defendant Annie Williams. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (requiring proper and timely exhaustion of prisoner claims). The district court did not clearly err in finding that Entler failed to establish that he was excused from the exhaustion requirement because he was not impeded from pursuing his administrative remedies. *See Sapp*, 623 F.3d at 822-23 (exhaustion is not required where administrative remedies are rendered "effectively unavailable"); *see also Nunez v. Duncan*, 591 F.3d 1217, 1223-26 (9th Cir. 2010) (exhaustion may be excused if it was delayed or precluded through no fault of the inmate's).

Entler's contention that defendant is estopped from asserting the affirmative defense of exhaustion is not supported by the record, and his argument that the district court should have held an evidentiary hearing is unpersuasive.

We do not consider issues that are not supported by argument, including with respect to the denial of Entler's motion for reconsideration. *See Am. Int'l Enters., Inc. v. FDIC*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993).

**AFFIRMED.**